DANIEL D. SOUTHARD v. WILLIAM POTTS AND AARON P. WRIGHT, ADMINISTRATORS OF EDWARD W. POTTS, DECEASED.

1. In an action against an administrator upon a judgment of assets *quando* it is sufficient to allege in the declaration that assets came to the administrator's hands since the judgment. It is not necessary further to show that the plaintiff is entitled to have them applied to his debt. It seems that is matter of defence to be pleaded.

2. *Plene administravit* is a good plea in New Jersey, and (*semble*) a decree of insolvency and distribution under it may be given in evidence to sustain this plea.

3. To an action or a *scire facias* on a *general* judgment against an administrator, *plene administravit* cannot be pleaded, but it may to a judgment *quando*.

4. An *administrator* defendant may plead that he has fully administered, except a certain sum, which he is ready to pay over ; and the plaintiff may take judgment for that sum, or may traverse the plea by alleging that the defendant has more assets; and on an issue on such traverse the question would be, whether there was any greater sum which the plaintiff was by law entitled to have paid on his debt.

The declaration contains three counts; the first and second are substantially the same.

They set out a judgment recovered by plaintiff against defendants, as administrators, &c., of Edward W. Potts, deceased, in Supreme Court, September term, 1835, for seven hundred and six dollars thirty-five cents damages, and thirty-nine dollars twenty-nine cents costs, amounting in all to seven hundred and forty-five dollars and sixty-four cents, to be levied of the goods and chattels, rights and credits of the said Edward W. Potts, deceased, when assets should come to the hands of the said defendants to be administered; that the said judgment is wholly unsatisfied, and that after the recovery of the said judgment as aforesaid, *to wit*, on the eighth day of September, 1835, *to wit*, at Trenton, in the county of Mercer aforesaid, divers goods and chattels, rights and credits, which were of the said Edward W. Potts, deceased, at the time of his death, of great value, *to wit*, of the value of the damages, costs, and charges aforesaid, in form aforesaid recovered, came to the hands of the said defendants to be administered, and which said goods and chattels, rights and credits, the said defendants afterwards, *to wit*, on the same day and year last aforesaid, at Trenton, in the county of Mercer aforesaid, delayed, wasted,

and converted and disposed to their own use, whereby an action, &c.

The third count is for interest money.

To this declaration the defendant, William Potts, (the said A. P. Wright having died after filing the declaration, and his death having been suggested upon the record,) pleaded three pleas: 1st, *nil debet*, on which issue is joined ; 2d, as follows :

And for a further plea in this behalf, by leave of the court here first had and obtained, according to the form of the statute in such case made and provided, the said defendant, as to the first and second counts of the said plaintiff's declaration, says, that the said plaintiff his aforesaid action thereof against him ought not to have and maintain upon the said two counts, because, he saith, that he hath fully administered all and singular the goods and chattels which were of the said Edward W. Potts, deceased, at the time of his death, and which have ever come to the hands of the said defendant, or of this defendant and Aaron Wright, now deceased, and who in his lifetime was coadministrator with this defendant, or of either of them, to be administered, *to wit*, at Trenton, in the county of Mercer aforesaid ; and that this defendant hath not, nor had either or both said administrators at the time of the commencement of this suit, nor at any time since, any goods or chattels which were of the said Edward W. Potts, deceased, at the time of his death, in his or their hands, as administrators as aforesaid, to be administered, and this he is ready to verify ; wherefore he prays judgment if the said plaintiff, his aforesaid action thereof against him ought to have or maintain, &c.

And the said defendant, for a further plea in this behalf, by leave of the court here first had and obtained, according to the form of the statute in such case made and provided, as to the said first and second counts of said declaration, says, that the said plaintiff, his aforesaid action thereof against him ought not to have and maintain, except as to the sum of two hundred and forty-seven dollars and seventeen cents, and the further sum of six hundred and thirty-four dollars and fifty-three cents, as herein after mentioned, because, he says, that he, this defendant, and the said Aaron Wright, his coadminis-

trator, in his lifetime, fully administered all and singular the goods and chattels which were of the said Edward W. Potts, deceased, at the time of his death, and which have ever come to the hands of the said administrators to be administered, except the said sum of two hundred and forty-seven dollars and seventeen cents, being the amount of dividend declared to be due to the said plaintiff, as his share or proportion of the assets of the estate of said intestate, on the sixth day of July, one thousand eight hundred and forty, and which the said defendant has at all times been willing to pay to the said plaintiff, and is still willing so to pay, of which the said plaintiff had notice, *to wit,* at Trenton aforesaid, and also the further sum of six hundred and thirty-four dollars and fifty-three cents, assets of said estate, received by this defendant, and remaining in his hands to be disposed of according to law, *to wit,* at Trenton aforesaid ; and that the said administrators had not, at the time of the commencement of this suit, nor at any time since, nor hath this defendant now, any goods or chattels which were of the said Edward W. Potts, deceased, at the time of his death, in their or his hands to be administered, except the said sums above mentioned, and this he is ready to verify.

The plaintiff demurs generally to the second and third pleas.

This cause was argued before the CHIEF JUSTICE and Justices RANDOLPH and OGDEN, at July term, 1849, by *Browning* for plaintiff, and *Vroom,* for defendant.

*Browning,* in support of demurrer.

This suit is brought on a judgment against the administrators, to be made of assets *quando acciderint.* The declaration alleges subsequent assets and a *devastavit.* The judgment is but the inducement; the material allegation is, that assets have come to defendant's hands since the judgment. This allegation the plea ought to deny. The plea of *plene administravit* is an evasive one, is no answer to the specific allegation in the declaration. He could not fully administer without paying this judgment. *Toller on Executors* 407 ; *Spencer* 4 ; and *Ib.* 480.

The allegation *plene administravit* is surplusage and immaterial. 3 *Chitty* (ed. 1840,) 943–4; 2 *Saund.* 220, *n.*; 15 *Johns. Rep.* 325.

*Plene administravit* cannot be pleaded in an action on a judgment. *Spencer* 574; *Ib.* 480.

The third plea is unintelligible and indefinite. It alleges a dividend, but does not say by whom declared, or of what. If a decree of insolvency, it should be pleaded, and when made; if after judgment, of no effect. *Spencer* 577.

For what sum can he take judgment, for two hundred and forty-seven dollars and seventeen cents, or six hundred and thirty-four dollars and fifty-three cents, or for both together?

Plea must show how assets came, and why plaintiff cannot be paid out of them. 1 *Chit. Pl.* 490.

*Vroom*, contra.

The first plea alleges that the defendant has fully administered, and that he had no assets at the commencement of this suit or since. This, if true, covers and denies the allegations in the declaration. This is the right plea to raise the question, whether the assets were legally administered; other creditors had an equal claim in them with this plaintiff; he is only entitled to a dividend. Plea of *plene administravit* is not good in action on a judgment against administrator where the judgment, expressly or by implication of law, admits assets. But a judgment *quando* expressly admits that there are then *no assets*, and this plea is therefore not inconsistent with it. 2 *Mas.* 311; 1 *Saund.* 129.

The third plea admits two hundred and forty-seven dollars and seventeen cents in defendant's hands, to be paid to plaintiff, who may take judgment for it. The precedents (3 *Went.* 211, 214, and 2 *Chit.* 451,) bring money into court, but this is not necessary. It also shows six hundred and thirty-four dollars and thirty-three cents in hands, received since, to be distributed among the creditors. If the plea is defective in not showing how this is to be distributed, the declaration is equally so in this very matter, and on demurrer judgment is given against the first defective pleading. This declaration alleges

that assets have since come to defendant's hands, but does not show that plaintiff is entitled by law to receive them, or what part of them. If other equal creditors, he is only entitled to a distributive share; if judgment creditor of intestate, or other preferred claim, he may be entitled to nothing of it.

In *Spencer* 573, Carpenter says, that such declaration was sufficient, but that was a *general* judgment against administrator, not a judgment *quando*.

RANDOLPH, J.   This is an action of debt, brought on a judgment *quando acciderint*, obtained by the plaintiff against the defendant in this court, in the term of September, eighteen hundred and forty-five, and to the declaration defendant files three pleas: 1st, *nil debet*, on which issue is joined to the country; 2d, *plene administravit;* and 3d, *plene administravit prœter;* and to the last two pleas the plaintiff files a general demurrer.

As the defendant's counsel, in arguing this case, took exceptions to the declaration, we will consider them as first in order: The declaration is in the usual form in actions on judgment against administrators, suggesting a *devastavit* (3 *Chit. Pl.* 254); but this, it is said, is a case where the original judgment was by default or on *relicta*, and thereby assets sufficient is admitted ; granted, yet in the case of *Noel et al.* v. *Nelson,* 2 *Saund. Rep.* 219, which was on a judgment *quando acciderint*, the same form is used, except that it is alleged that defendant retained the goods, instead of that he wasted them, which difference is immaterial, as is also the averment itself.   The material allegation is, that goods sufficient to satisfy the plaintiff's demand had come to the hands of the defendant after the judgment was obtained ; and this is sufficiently set forth, it not being necessary for the plaintiff to anticipate the defence by showing or averring that he was entitled to them.   If he allege and prove sufficient assets after judgment, then the defendant can only exonerate himself from payment, either by plea or defence, that owing to prior claims or the insolvency or distribution of the estate, plaintiff is entitled to no part, or to only a distributive share of the assets proved.   I think the declaration sufficient.

As to the pleas. Under the English system of administering estates, when there are various grades of debts and priorities, and debts of a higher nature have exhausted all, or all but a small portion of the assets, *plene administravit* or *plene administravit præter* are the ordinary pleas filed in actions brought by creditors whose debts are of an inferior grade. But under our statute respecting the estates of persons who die insolvent, and our general system of administration, which admit of no priorities except such as were liens on the estate prior to the decease and the funeral expenses and physician's bill during the last illness, a doubt had arisen whether such pleas could be pleaded; the opinion of the bar was not uniform and the practice had been variant, but the question came fairly before the court in *Haines* v. *Price, executor of Price, Spencer* 480, (also *Howell's administrators* v. *Potts' administrators, Spencer* 4) whether the plea of *plene administravit* could be pleaded, or whether, in case of insolvency and settlement and distribution under the statute, the matter must be specially pleaded? The court in that case decided, unanimously, that although the plea of *plene administravit* might not have the same force and effect under our law as it had in England, and that its operation is more special, yet that it was a good plea in this state, even in an action brought on a bond given by defendant's testator, and that a settlement and distribution under the insolvent estate act might be given in evidence under an issue taken thereon.

The present action, however, is on a judgment, and counsel insist that there can be no full administration without the payment of that judgment, therefore the plea is not applicable. But the validity of this objection depends on the nature of the judgment; if it be a general one against the administrator *de bonis si et si non,* as if by default, or on plea of payment, or any other plea except the want of assets, and it is found against him, he, by such judgment, admits assets sufficient to satisfy the claim. 3 *T. R.* 685; 1 *Saund. Rep.* 219; 1 *Salk.* 310; 1 *Ld. Ray.* 690; 1 *Ath.* 292; 3 *East* 2; *Spenc.* 4 and 569. And if the party omit to plead in bar, and judgment be against him, he cannot afterwards set up the omitted matter

in debt or *scire facias* brought on that judgment (2 *Strange* 732); but if defendant plead *plene administravit* in the original suit, plaintiff may immediately take judgment *quando*, (*Noel* v. *Nelson*, 2 *Saund. Rep.* 226) and the mere praying for such judgment is an admission at that time there is no assets. *Ib.* 219, *note* 2. The court is not informed what were the pleas in the original action in this case; but that is of no importance, for the plaintiff has taken his judgment *quando*, and thereby admitted no assets at that time, and he now brings his action on that judgment merely for assets subsequently acquired. In such an action it is competent to plead any matter which he might have done originally, or which he has not been debarred from pleading. There is no bar or admission in the judgment against him, but there is against the plaintiff, of no assets at the time. The defendant may put his defence upon the general issue of *nil debet* or *not guilty*, (1 *Saund. Rep.* 219 (6); 2 *Ld. Ray.* 1502; 1 *T. R.* 462) or *plene administravit*, or simply that he has no goods. 2 *Saund. R.* 220, *note* 3. But it is said, that if the judgment was obtained before the decree of insolvency, then under the statute (*Elmer* 169, *Spenc.* 2 and 577) the party does not take a mere distributive share, and therefore the plea of *plene administravit* cannot affect that case. If so, then it does not determine the plea bad, but merely that the case does not come within it, or the evidence does not support it. The whole defence arising under the insolvent estate act, it has been decided may be raised under this plea, whether from that it shall appear that plaintiff is entitled to have satisfied the whole, or portion, or no part of his debt.

Although there would seem to be a discrepancy between the time fixed by the averment of no goods, and that set forth in the plea, yet taking the whole plea together, that all the goods that had ever come to hand had been fully administered, and that he had no goods at the time alleged or since, it covers the whole ground; and though this *plene administravit* clause might be omitted as immaterial (2 *Saund.* 220, *note*), yet it has been inserted, and it completes the plea, and of course will not be stricken out or considered as omitted for the mere.

Southard v. Potts.

purpose of destroying the plea. The judgment on the third plea must, of course, be taken for the amount of assets admitted as coming to the plaintiff; and *quando* as to the part still uncollected or undistributed.

The declaration charges, that since the judgment defendant has received goods sufficient to pay the same, and wasted them; and the plea, as before stated, answers that defendant has administered all that ever came to his hands, and that he had no goods at the commencement of the suit, nor has he received any since. This, though not directly denying the plaintiff's allegation as to waste, meets the whole case, at least inferentially: had he traversed the eloignment (*Gould Pl.* 7, § 32) the plaintiff might have replied and taken issue. But if this be important and defective, advantage can only be taken of it by special demurrer, under 4 *Anne* 16; *R. S.* 990, § 13; 1 *Bac. Ab.* 151, *Amendment and Jeofails B;* 5 *Ib.* 383, *Pleas and Pleading, H.* 3. But such a traverse has been held bad (11 *Vin. Ab.* 312), for the having wasted the goods is but inducement, and the substance is, whether or no the executor had assets at the time alleged. In 2 *Saund.* 214, the judgment was *quando* as here, and the declaration set forth that afterwards this defendant received goods sufficient to pay the demand, which he retained; but the plea was *plene administravit*, in the precise form of the one in the present case. The plaintiff may take issue on the pleas, and if he prove that defendant has received more goods than is admitted by the third plea, it will be for the defendant to set up the statute of distribution, or any other defence, which he may under the pleas and issues. The demurrer must be overruled, with costs.

OGDEN, Justice, concurred.

Demurrer overruled.